IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shon Edward Meeks, #22316-057, | ) | C/A No.: 1:18-1775-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Bonita Mosely, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Shon Edward Meeks ("Petitioner") is a federal inmate housed at the Federal Correctional Institution Edgefield, a facility of the federal Bureau of Prisons.  He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss. [ECF No. 14].  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [ECF No. 16].  Petitioner filed a timely response on October 12, 2018. [ECF No. 18].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion to dismiss.

I.     Factual and Procedural Background

Petitioner was indicted in the Middle District of North Carolina on November 29, 2004, for willfully, knowingly, and intentionally distributing 121.9 grams of a mixture and substance containing a detectable amount of cocaine base. *See United States v. Meeks*, C/A No.: 1:04-cr-466-WO-1 (M.D.N.C. Nov. 29, 2004) ("Meeks"), EFF No. 1. On January 3, 2005, Petitioner and the United States entered into a plea agreement, in which Petitioner agreed to plead guilty to the November 29, 2004 indictment and the United States agreed not to file an Information of Prior Conviction regarding Petitioner's March 11, 1994 conviction for possession of cocaine, and February 9, 1995 and June 10, 1997 convictions for possession with intent to sell and deliver cocaine. *Meeks,* ECF No. 12.  The parties further agreed that Petitioner would waive

> the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to  the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

*Id.* Petitioner entered a guilty plea to distribution of cocaine base on January 3, 2005, and on May 27, 2005, Petitioner was sentenced to 262 months. *Meeks*, ECF No. 13.

Petitioner filed an appeal on June 23, 2005, challenging his conviction and sentence, and on December 17, 2009, the Fourth Circuit Court of Appeals ("Fourth Circuit") affirmed the judgment. *Meeks*, ECF Nos. 14, 40. On May 16, 2016, Petitioner filed a motion to vacate judgment under 28 U.S.C. § 2255, amended on July 11 and September 23, 2016, which the district court denied on August 17, 2018. *Id.*, ECF Nos. 50, 53, 64, 67, 69.

Petitioner filed the instant petition seeking resentencing, arguing the court improperly sentenced him as a career offender. [ECF No. 1].

II.     Discussion

A.     Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The court is "not required

to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, the presence of a few conclusory legal terms does not insulate a complaint from dismissal when the facts alleged in the complaint cannot support the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

4

B.     Analysis

Petitioner argues he does not have two predicate offenses that qualify him as a career offender because under the holdings in *Simmons¹* and *Miller²* the maximum sentence for the drug offenses used to enhance his sentence were less than one year. [ECF No. 1 at 9–11].

Respondent argues the instant petition should be dismissed because Petitioner filed a § 2255 motion in his sentencing court in which he raised a *Simmons* claim that is identical to the one he raises in his § 2241 petition. [ECF No. 14-1 at 9]. In response, Petitioner argues the merits of his *Simmons* claim. [ECF No. 18-1 at 6–7].

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal

---

[1] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (finding that a district court may no longer look to a hypothetical defendant with the worst possible criminal history, but may only consider the maximum possible sentence that a particular defendant could have received).
[2] *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) (finding *Simmons* is retroactive on collateral review).

conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding court lack jurisdiction over § 2241 petition outside savings clause).

Recently, the Fourth Circuit established an updated savings clause test under § 2255 for a petitioner who contests his sentence. *U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The court held that § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

The undersigned finds Petitioner cannot meet the second prong in the *Wheeler* test, as *Simmons* and *Miller* were decided before Petitioner filed his initial § 2255 motion on May 16, 2016. Further, Petitioner's § 2255 motion,

6

which was dismissed by the sentencing court in August 2018, included an argument under *Simmons*. *See Meeks*, ECF No. 67 at 8–9; ECF No. 69. Because Petitioner is unable to meet the § 2255 savings clause, this court lacks jurisdiction to consider the petition in this case. The undersigned recommends Respondent's motion to dismiss be granted.[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's motion to dismiss [ECF No. 14], deny the petition for writ of habeas corpus, and dismiss the petition without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 26, 2018                         Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The instant petition is also barred by the terms of Petitioner's plea agreement because Petitioner's sentence was within the appropriate guideline range established at the time of sentencing and Petitioner agreed he could only appeal a sentence in excess of the statutory maximum. *See Meeks,* ECF Nos. 12, 13, 26, 37; *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) ("A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary."); *United States v. Copeland*, 707 F.3d 522, 529 (4th Cir. 2013) (finding defendant's challenge to his sentence based on subsequent case law fell within the scope of his valid appeal waiver).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).