```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Shon Edward Meeks, #22316-057, ) | Civil Action No. 1:18-1775-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Bonita Mosely, Warden, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner Shon Edward Meeks's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for a Report and Recommendation on Respondent Warden Bonita Mosely's ("Respondent") motion to dismiss (ECF No. 14). On December 26, 2018, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion to dismiss (ECF No. 14), deny the petition for writ of habeas corpus (ECF No. 1), and dismiss the petition without prejudice. (*See* ECF No. 19 at 7.) Petitioner filed objections (ECF No. 24) to the Report, and the matter is ripe for review. The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here, summarizing below only in relevant part.[1]

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

## BACKGROUND

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to § 2241 on June 28, 2018. (ECF No. 1.) In the petition, he asserts that he is "actually innocent" of the enhanced sentence that he is currently serving pursuant to his January 3, 2005 guilty plea to distribution of cocaine base and his designation as a career offender. (*See id.* at 4–11.) Petitioner acknowledges that he has previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Middle District of North Carolina, where he was convicted and sentenced. (*Id.* at 4.) That court, Judge William L. Osteen presiding, denied Petitioner's § 2255 motion on August 17, 2018. *See* ECF Nos. 67 & 69, *United States v. Meeks*, C/A No. 1:04-cr-466-WO-1 (M.D.N.C.).

Petitioner does not allege any new evidence to support his "actual innocence" claim. Instead, he asserts that, under the Fourth Circuit's holdings in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), he does not have two predicate offenses that qualify him as a career offender because the maximum sentences for the drug offenses used to enhance his sentence were less than one year. (*See* ECF No. 1 at 9–11.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### **DISCUSSION**

In her Report, Magistrate Judge Hodges explains that the instant § 2241 petition is subject to dismissal because Petitioner is unable to satisfy the § 2255 savings clause and this Court lacks jurisdiction to consider the petition. (*See* ECF No. 19 at 5–7.) The Magistrate Judge rightly notes that § 2241 actions are generally used to challenge the execution or implementation of a federal prisoner's sentence, and not to collaterally attack a conviction or sentence. (*See id.*)

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy

---

[2] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief*, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a § 2241 petition to contest his sentence. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal *and first § 2255 motion*, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (emphasis added). Here, Magistrate Judge Hodges determined that Petitioner cannot meet the second prong in the *Wheeler* test because *Simmons* and *Miller* were decided before Petitioner filed his initial § 2255 motion. (ECF No. 19 at 6.) Moreover, the Magistrate Judge observed that the sentencing court, in denying Petitioner's § 2255 motion, considered and rejected Petitioner's argument under *Simmons*. (*Id.* at 6–7.)

Petitioner first objects by arguing that the Magistrate Judge was incorrect to conclude that Petitioner cannot satisfy the second prong of the *Wheeler* test. (*See* ECF No. 24 at 2–3.) Petitioner expends significant effort on this objection but fails to show that the change in law upon which he is relying for his theory of relief–namely, *Simmons* and *Miller*–occurred *before* his first § 2255 motion. (*See id.*) The Magistrate Judge was correct

---

28 U.S.C. § 2255(e) (emphasis added).

4

to conclude that Petitioner cannot meet the second prong of the *Wheeler* test and the objection is overulled.

Petitioner next objects to the Magistrate Judge's conclusion, in a footnote to the Report, that the § 2241 petition is barred by the terms of Petitioner's plea agreement, which included a boilerplate appellate waiver provision. (*Id.* at 2–6.) This conclusion on the part of Magistrate Judge Hodges was surplus analysis, given that she had already concluded that the Court lacks jurisdiction to consider the § 2241 petition in this case; this is undoubtedly the reason why the conclusion was itemized in a footnote rather than the body of the Report. (*See* ECF No. 19 at 7 n.3.) The language of the appellate waiver provision was as follows:

> [Petitioner] expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

ECF No. 12 at 4, *United States v. Meeks*, C/A No. 1:04-cr-466-WO-1 (M.D.N.C.). Petitioner argues that the claims presented in his § 2241 petition should be exempted from the purview of an otherwise valid appellate waiver because denying review on those claims would work a miscarriage of justice or result in fundamental unfairness. (*See* ECF No. 24 at 4–7.) The applicability *vel non* of the appellate waiver provision is an extraneous issue because the Court lacks jurisdiction to consider the § 2241 petition in the first instance. However, even if the appellate waiver were relevant, Petitioner has not made a *prima facie*

5

case that the sentence imposed was in excess of the statutory maximum, whether or not the career offender enhancement was applied. Moreover, in the Fourth Circuit a challenge to a career offender designation under the U.S. Sentencing Guidelines is not the kind of sentencing error that justifies relief on collateral review. *See U.S. v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (holding that, where a sentence is within statutory limits, an improperly imposed career offender designation does not affect the lawfulness of the sentence itself and does not constitute exceptional circumstances requiring relief by way of the writ of habeas corpus). The Magistrate Judge committed no error in the conclusions that she drew from the appellate waiver and the objection is overruled.

After *de novo* review, the Court finds Petitioner's objections to be without merit. The Court agrees with the Magistrate Judge's thorough analysis and finds no error therein. Therefore, the Court finds that Petitioner has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention and the Court lacks jurisdiction to consider the § 2241 petition. Accordingly, it is hereby ORDERED that the Magistrate Judge's Report (ECF No. 19) is adopted and incorporated herein. Petitioner's objections (ECF No. 24) are OVERRULED, Respondent's motion to dismiss (ECF No. 14) is GRANTED, and the § 2241 petition is DISMISSED without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 6, 2019
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of

Appellate Procedure.